[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case came before this court as a nonjury trial on the merits on October 2, 1996. The plaintiff claims that on February 1, 1992, an employee of the defendant applied a hair straightener to her hair in a manner that caused suppurating scalp burns that required medical treatment. The plaintiff claims that the defendant was; negligent in the hair straightening preparation used and the manner in which it was applied.
The defendant filed an answer denying the plaintiff's claim. No special defenses were filed. The defendant did not claim that the stylist was an independent contractor.
The testimony was in conflict as to the events at issue, and the court must therefore perform the difficult task of determining which witnesses had the more credible testimony, based on the consistency and detail of their statements, their opportunity to observe and reason to remember the events accurately, and the effect on their testimony of their interest in the outcome of the case.
Having weighed the credibility of the witnesses, the court finds the facts to be as follows. The plaintiff customarily relied on self-administered home permanents, and before the incident at issue had visited the defendant's beauty salon only for haircuts and styling. When she decided to have a professionally administered permanent, she discussed the desired style with one of the defendant's stylists, Karina Holdnes, mentioning that she had been unable, because of the sensitivity of her scalp to her home chemical straightening preparation, to leave that preparation on long enough to achieve the desired straightness for a style known as a "wrap."
The defendant's witnesses testified that there is a procedure for applying petroleum jelly to the scalp to protect against burning from straightening agents. The court finds that the CT Page 7751 stylist did not take this precaution when she undertook to straighten the plaintiff's hair on February 1, 1992. The stylist applied a chemical straightener to the two back quadrants of the plaintiff's hair. The plaintiff advised the stylist that she was experiencing a burning sensation to her scalp. The stylist rinsed off and neutralized the preparation for the painful areas but then applied the same preparation to the rest of the plaintiff's head. Again, the plaintiff stated that her scalp was burning and the defendant rinsed the preparation off. Since the straightener had not been on long enough to achieve the desired effect, the plaintiff agreed to another style, paid, and left the defendant's shop with her scalp in pain. While she resolved not to return, she did not make an issue of the incident while she was at the salon. The court finds that the plaintiff was a believable, polite and reasonable person whose failure to complain should not be construed as an indication that the incident did not occur.
The stylist testified to the effect that she proceeded to apply more straightener because the plaintiff insisted. The court did not find it credible that this witness, who claimed not to have heard that the incident had given rise to a lawsuit until 1995, had a detailed memory of the event, especially since the plaintiff was not vocal at the time about the result to her scalp.
The plaintiff awoke the day after the permanent with an oozing and painful scalp. She was treated on February 2, 1992 for a chemical burn. The treatment included prescriptions for an antibiotic, prednisone and a pain killer. On February 4, 1992 she was examined by a dermatologist who found that her entire scalp was swollen and tender. The dermatologist, Dr. Foster Kay, diagnosed a chemical burn and prescribed the application of corticosteroid lotion.
The burn caused oozing, pain and swelling that prevented the plaintiff from reporting to her job as a clerk at the Regional Water Authority for two days. Because she was eligible for sick leave, she did not suffer lost wages.
The court finds that the symptoms and inconvenience from those symptoms persisted for four to five days. The plaintiff did not lose hair as a result of the chemical burn. While she claims that the texture of her hair was altered until approximately nine months ago, the court does not find that the effects of the incident lasted more than a week. There was no competent CT Page 7752 testimony to establish that a scalp burn would affect the condition of new hair growing thereafter.
The court finds that the plaintiff has established that the defendant was negligent in that her agent continued to apply a chemical straightener to the plaintiff's head after she knew that it was causing burning and pain. In order to avoid such harm, a reasonably prudent person would not have continued with the application for the sole purpose of achieving a hairstyle. The stylist, not the customer, had a duty to decide how to proceed, given her knowledge of the risks of the chemical product being used. The stylist's failure to apply a protective base or to stop upon complaints of burning constituted negligence.
That negligence was a substantial factor in causing the plaintiff to suffer a chemical burn requiring medical care.
 The court finds the proven damages to be as follows: Economic damages $ 179.26 (medical bill and cost of prescriptions)
 Noneconomic damages 500.00 (pain, suffering, inconvenience, temporary damage to the scalp) ________ $ 679.26
Judgment shall enter in favor of the plaintiff against the defendant in the amount of $679.26. The plaintiff shall recover her court costs upon application to the clerk of the court.
Beverly J. Hodgson Judge of the Superior Court